Lori S. KOEHLER, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security, Defendant—
Appellee.

No. 07–55187.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2008.*

Filed June 18, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Lawrence D. Rohlfing, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

John C. Cusker, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

R.App. P. 34(a)(2).

Before: TROTT, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Lori S. Koehler appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration upholding the denial of disability benefits. As the parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's judgment upholding the denial of social security benefits. We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007) (internal citation and quotation marks omitted); *see also* 42 U.S.C. § 405(g).

### A. Psychiatric Impairment.

■ The ALJ's finding that Koehler's mental impairment was "nonsevere" was legally sound and supported by substantial evidence. Contrary to Koehler's contention, the ALJ did not implicitly reject without reason Dr. Heidenfelder's opinion that Koehler suffered from a moderate mental impairment. The regulatory scheme— specifically, 20 C.F.R. § 404.1520a—does not mandate that the diagnosis of a "moderate" degree of limitation in one's ability to respond to changes in the workplace setting must be found to be a "sever" mental impairment. The ALJ properly followed the special evaluation process for mental impairments outlined in that section, and in doing so relied on the reports of two of Koehler's treating physicians and three consulting physicians.

### B. Opinions of Drs. Sandler, Ostrup, and Nguyen.

■ "Where medical reports are inconclusive, questions of credibility and resolution of conflicts ... are functions solely of the Commissioner." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir.1999) (internal quotation marks and alterations omitted). Here, substantial evidence supports the finding that the treating physicians' reports were inconsistent. The medical records were thus inconclusive, and the ALJ resolved this issue "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 600–01.

### C. The Credibility Determination.

■ Even assuming arguendo that Koehler produced medical evidence of an underlying impairment which is reasonably likely to be the cause of her alleged pain, the ALJ did not err in rejecting the testimony about the severity of her pain and disability. *Cf. Bunnell v. Sullivan*, 947 F.2d 341, 344–45 (9th Cir.1991) (en banc). He made specific findings that supported his conclusion. *See id.* Chief among those findings is the ALJ's determination that the record "does not show that the claimant requires any special accommodations to relieve her pain or other symptoms." Moreover, Koehler's testimony was internally inconsistent and therefore not credible with regard to the severity of her pain. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court's decision upholding the ALJ's denial of benefits is **AFFIRMED.**